**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 8 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERRIS VALLEY COMMUNITY HOSPITAL, LLC, DBA Vista Hospital of Riverside, A California Limited Liability Company, | No. 14-55408 |
| Plaintiff - Appellant, | D.C. No. 5:13-cv-00291-GAF-DTB |
| v. | |
| | MEMORANDUM[*] |
| SOUTHERN CALIFORNIA PIPE TRADES ADMINISTRATIVE CORPORATION, A California Corporation; SOUTHERN CALIFORNIA PIPE TRADES HEALTH & WELFARE FUND, a California unknown entity, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted February 2, 2016[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,*** District Judge.

Perris Valley Community Hospital LLC (the "Hospital") appeals a summary judgment in favor of the Southern California Pipe Trades Administrative Corporation and the Southern California Pipe Trades Health and Welfare Fund (the "Administrators"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The Administrators oversee an employee benefit plan (the "Plan") subject to the Federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Months after a covered patient reached the Plan's $500,000 lifetime benefits cap in December 2008, the Administrators issued a Supplement to the Plan supplying additional coverage for "claims incurred since January 1, 2009." The Administrators then paid the Hospital's claims for services rendered to the patient in January 2009, but refused to pay for charges incurred in December 2008 after the lifetime limit had been reached. The patient assigned her rights under the Plan to the Hospital, and this suit ensued.

2. Because the Plan is subject to ERISA, confers discretionary authority on the Administrators to determine eligibility for benefits, and the Administrators both evaluate and fund the Plan, we review the Administrators' decision under the skeptical abuse of discretion standard. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S.

***    The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

2

105, 111 (2008); *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 673-77 (9th Cir. 2011). The "plan administrator's interpretation of the plan will not be disturbed if reasonable." *Conkright v. Frommert*, 559 U.S. 506, 521 (2010) (internal quotation marks omitted).

3. The Hospital argues that the language in the Supplement providing coverage for "claims incurred since January 1, 2009" is ambiguous and should be construed against the Administrators to refer to all bills received by the Plan after January 1, 2009, regardless of when the underlying services were rendered. *See McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1134 (9th Cir. 1996) (stating ambiguous language in ERISA insurance policies is construed in favor of the insured). The district court did not err in concluding that Administrators reasonably rejected the Hospital's interpretation of the Supplement. *See Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990) (stating that terms in an ERISA policy must be interpreted in an "ordinary and popular sense as would a person of average intelligence and experience" and should not be read to "artificially create ambiguity where none exists") (alteration and internal quotation marks omitted). Read in context, the phrase "claims incurred since January 1, 2009" in the Supplement means claims for services rendered after January 1; a claim is ordinarily understood to be "incurred" when a service is rendered, not when the Hospital decides to bill for the services. *See Incur*, Merriam-Webster.com, 2015 http://www.merriam-

3

webster.com/dictionary/incur (last visited Feb. 2, 2016) (defining "incur" as "to become liable or subject to").

4. The Hospital submitted no evidence that the Administrators had previously interpreted the term "claims incurred" in a contrary manner. The record merely reflects that claims were categorized by the Administrators according to when they were received, and that each claim number could include billing for services rendered across multiple days.

**AFFIRMED.**